July 6, 2012

Honorable Judge Edward R. Korman
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Handel Bulgin
Docket No.: 10-CR-381 (S-1) 01

Dear Honorable Judge Korman:

With the utmost due respect I plead with this most Honorable Court to accept this letter in lieu of a formal brief, memorandum or submission.

One of the seminal issues for this Honorable Court's determination is whether the "safety valve" is applicable and this is critical, because if this Court so determines its applicability, then You may sentence me below the mandatory minimum as prescribed in 21 U.S.C. § 841, et seq.

United States Sentencing Commission Guideline (hereinafter U.S.S.G.), 2D1.1(b)(16), 18 USC 3553(f), and 5C1.2, (USSG), holds for the suspension of mandatory minimum sentences in certain drug offenses if the defendant did **not** **use** a weapon, (emphasis added), was not involved in a violent crime, was a low level participant, has little or no criminal history and was truthful with the government.

(2)

It must be accentuated that the defendant committed to multiple, voluntary proffer sessions with the government wherein he fully accepted responsibility for his conduct and, most importantly, was lead to believe these meetings were scheduled with the specific purpose of him receiving the "safety valve". Furthermore, the government made express representations that they were convinced defendant was "safety valve" eligible and defendant relied to his detriment on the government's representations. There is not a scintilla of evidence that exists to the effect that defendant was anything but wholly truthful; nor is there any issues as to any other conditions for defendant's "safety valve" eligibility, other than perhaps "use of the weapon."

In pre-trial proceedings, this Court made the evidential determination and finding that the weapon was _not_ (emphasis added), relevant pursuant to Federal Rules of Evidence 401 and that the weapons prejudicial impact outweighs its probative value. During trial not an iota of evidence was presented by any standard of proof as to the weapon, nor that it was used by this defendant and or related to the narcotics trafficking.

This Court must give great weight to paragraph 20, in the Pre Sentence Investigation, in that defendant's role in the offense was limited, deminimis and simply an intermediary in that he retrieved boxes and delivered them to another person. He never handled

funds, negotiated transactions nor would there ever be any motivation whatsoever to use, possess or need a weapon. Additionally, the Jury made the determination that the United States currency seized at 104 Hendrix Street, 1st floor, Brooklyn, New York was unrelated to narcotic trafficking and were not assets or proceeds from the illegal course of conduct. This Court knows that the handgun was seized in the exact same location as the currency, which independent and credible evidence established was lawfully earned and legally possessed, from an independent and legal business. In sum, the handgun had no relationship whatsoever to the offenses to which defendant was convicted, nor can a rational determination establish a nexus or connection. This Court's exclusion of the handgun was the right decision as in its infinite wisdom, the Court held it had "no relevancy, connection, nor probative value."

For the aforementioned reasons, this defendant implores, pleads and begs this Most Honorable Court to judicially determine the handgun to not have been used or possessed as defined by Guideline 2D1.1(b)(16), 5C1.2(2), 2D1.1(b)(1), 2 and that defendant be held eligible for the "safety value."

Additionally, if this Court so finds defendant eligible for the "safety value" then you reject the two level enhancement, pursuant to Guideline 2D1.1(b)(1).

It is also respectfully requested that pursuant to the fact that defendant did not testify during the

trial and exercised his Constitutional rights to a trial he should receive a two level reduction for acceptance of responsibility, especially in light of the government's urging him to proffer on multiple occassions and his candid, frank and wholehearted responses to all questions posed. He fully accepted responsibility as delineated within paragraph 29 of the PSI.

    Thank you for this opportunity to respond and may God truly bless you.

Most Respectfully,

Handel Bulgin
HANDEL BULGIN

Dated: July 6, 2012.

Handel Bklyn, 78047-053
MDC BKLYN
80 29th STREET
BKLYN, NJ 11232

(Legal Mail)

Honorable Judge Edward Korman
Senior United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

11201+1818

(Legal Mail)